FILED

NOV 05 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

PING YANG,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 06-72881

Agency No. A095-877-324

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 5, 2010
San Francisco, California

Before: REINHARDT, BERZON and CALLAHAN, Circuit Judges.

Ping Yang petitions for review of a decision of the Board of Immigration

Appeals (BIA) affirming an Immigration Judge's (IJ) denial of Yang's application

for asylum, withholding of removal, and relief under the United Nations

Convention Against Torture (CAT). Yang also challenges the BIA's affirmance of

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

the IJ's finding that Yang knowingly filed a frivolous application for asylum. We deny the petition in part and grant it in part.

**1.** Substantial evidence supports the adverse credibility determination made against Yang. The IJ and BIA provided "specific and cogent reasons" for the finding. *See Kaur v. Gonzales*, 418 F.3d 1061, 1064 (9th Cir. 2005).

Yang's testimony on cross-examination consisted of a series of falsehoods, some admitted as such when confronted with proof to the contrary, and some not admitted to be false but explained entirely implausibly. Yang also admitted to making fabrications on her asylum application, to the opposite effect from the falsehoods she told at the hearing.

Nor was the credibility determination based on impermissible grounds. Rather, the reasons provided by the IJ and BIA went "to the heart" of Yang's claim for asylum. *Id*. at 1067. Yang's contradictory fabrications, and the fact that she admitted to false statements only after being confronted with evidence to the contrary, undermined her entire testimony. The falsehoods were fairly understood as intended to enhance her asylum application by distancing her from involvement in Chen's attempt to adjust his status based on a fraudulent marriage to a U.S. citizen, whether by negating a basis for discretionary denial of asylum or otherwise. Even if her false statements were not made with such an intention, her

repeated fabrications were pervasive and far from trivial, and the implausible explanations she provided when caught in those lies constituted "other indications of dishonesty" sufficient to support an adverse credibility determination. *Id*. at 1066.

In the absence of credible testimony, Yang's claims for asylum and withholding fail, as Yang's claims are based almost entirely on her testimony. Yang's CAT claim is also based on that testimony and so must fail as well. *See Almaghzar v. Gonzales*, 457 F.3d 915, 923 (9th Cir. 2006).

We therefore deny Yang's petition to the extent that she challenges the BIA's determination that she is not eligible for asylum, withholding of removal, or protection under CAT. Because we hold that the BIA's determination that Yang was not eligible for asylum is supported by substantial evidence, we need not address whether the agency abused its discretion by affirming the IJ's discretionary denial of asylum.

**2.** We grant Yang's petition to the extent that she challenges the agency's determination that she "knowingly made a frivolous application for asylum." 8 U.S.C. § 1158(d)(6). Such a determination requires the BIA or the IJ to make specific findings that a non-citizen "deliberately fabricated" a "material element[]"

of an asylum application. 8 C.F.R. § 208.20; *see Khadka v. Holder*, 618 F.3d 996, 1001-02 (9th Cir. 2010).

The frivolousness finding was based solely "upon the statement about respondent's marital status in her original application." Her marital status was not a "material element" of her claim for asylum. *See Khadka*, 618 F.3d at 1004. While her statement in her application could contribute to an adverse credibility holding because such a determination "merely requires an omission, inconsistency, or discrepancy *relating* to a material element (the heart of the asylum claim)," a frivolousness determination requires the IJ to "be convinced that the applicant deliberately fabricated a material element." *Id*. at 1002 (emphasis added). The agency did not identify why the falsehood concerning her marital status in her application indicated that a material element of her claim was "actually false." *Id*. at 1004.

We therefore grant Yang's petition as to the frivolousness determination and so reverse the BIA's imposition of the permanent bar to eligibility for any benefits under the INA.

**PETITION DENIED in part and GRANTED in part.**